**UNITED STATES of America**

v.

**Rafael GONZALEZ, a/k/a Michael LaRocca, Appellant.**

**No. 24036.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 9, 1970.

Decided Dec. 7, 1970.

Mr. Jerome J. Dick, Washington, D. C. (appointed by this Court) for appellant.

Mr. Julius A. Johnson, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee. Mr. Kenneth Michael Robinson, Asst. U. S. Atty., also entered an appearance for appellee.

Before McGOWAN, MacKINNON and ROBB, Circuit Judges.

PER CURIAM:

After a trial by jury on an indictment for second degree murder the appellant was convicted of manslaughter. On this appeal the only point strenuously urged by his counsel is that the evidence did not support the verdict of the jury. We affirm.

The deceased was Mrs. Mary Spence, a nurse's aid at Providence Hospital in Washington. On Sunday, June 26, 1966 her body was found in the appellant's basement apartment at 724 Third Street, N.W., in Washington, D. C. The body was discovered by the resident manager of the apartment house who entered the appellant's apartment with a passkey. Mrs. Spence apparently had been dead for several days. Death had been caused by a blow from a blunt instrument which fractured the victim's skull. Her head was wrapped in bloody towels bearing the legend Washington Hilton Hotel, where the appellant worked. There were signs of a struggle in the room. In a dresser drawer was a hammer stained with human blood and bearing hair similar to the hair of Mrs. Spence. The hammer had been lent to the appellant by the resident manager several weeks before the discovery of the body.

The evidence for the government disclosed that for some months the appellant and Mary Spence had been intimate friends. Although she did not live in his apartment she frequently visited him there. There was evidence from which the jury could have found that she was there with the appellant on the afternoon of the day she was killed.

A fellow worker at the Washington Hilton Hotel, who knew the appellant only casually, testified that on the morning of Thursday, June 23, 1966, he borrowed a suitcase from her, saying that he was going to move. Later the appellant telephoned to the witness, said he was calling from New York, and he would send the suitcase back to her. He did not do so and she never again heard from him.

When she gave him the suitcase the witness noticed that the appellant had fresh scratches on his face. She asked what had happened to his face but he made no response. Scrapings from the fingernails of Mary Spence disclosed the presence of blood, indicating that she had scratched someone.

There was testimony that at or about the time of the homicide the appellant was seen in the hallway, outside the door to his apartment, with two suitcases.

It was stipulated that the appellant worked at the Sheraton Hotel in Philadelphia under the name of Michael LaRocca, from July 19, 1966 to August 9, 1966, and then was employed at the Bellevue-Stratford Hotel in Philadelphia under the name of Michael LaRocca from August 22, 1966 to August 8, 1968. On August 8, 1968 he was arrested by special agents of the Federal Bureau of

Investigation in connection with the murder of Mary Spence.

The appellant took the stand and denied that he killed Mary Spence. He testified that about 4:00 o'clock on the afternoon before her death Mrs. Spence came to his room, that she appeared to be nervous and upset. They drank coffee and she became calmer. At about 9:30 P.M. he left for work after giving her some money and the key to his room The door and windows of the room were locked when he left. He said he returned shortly after 7:00 the next morning, found the door locked, and when he could get no answer to his knock he borrowed a passkey from his landlady and entered. The windows were still locked. He testified that seeing the body of Mrs. Spence he "panicked" and decided to get away. He borrowed a suitcase, packed his clothes and took the bus to New York. He made no report of the homicide to anyone either at that time or later. He said he assumed an alias in Philadelphia because he did not want to be questioned about the "incident". He denied that he had scratches on his face on the morning after the homicide.

In overruling the appellant's motion for judgment of acquittal at the close of the government's case the district judge reasoned that

> " * * * the defendant saw the deceased, who was his girl friend, in his apartment on a number of occasions. She was killed there. He was with her about the time of the killing. His face was scratched.

> "She had obviously scratched someone. His flight and concealment was not temporary, but permanent, until he was apprehended, which the Court feels tends to emphasize consciousness of guilt."

We agree with the district judge. We note further that his analysis of the evidence was apparently accepted by counsel for the appellant in urging the court to charge on manslaughter. Counsel stated:

"If you put together the bits and pieces of the evidence, the jury could believe that there was a struggle, there were signs of struggle, that she did scratch his face, and that he was provoked."

In addition, the jury was entitled to find that the appellant's consciousness of guilt was emphasized by his unsatisfactory explanation of his precipitous flight and his long concealment of his identity.

We have considered the appellant's other claims of error and find them to be without merit.

The judgment is affirmed.